730 P.2d 1034

STATE of Idaho, Plaintiff-Respondent,

v.

James C. HOFFMAN, Jr., Defendant-Appellant.

No. 16333.

Court of Appeals of Idaho.

Dec. 12, 1986.

James C. Hoffman, pro se.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

Before BURNETT and SWANSTROM, JJ., and McFADDEN, J. Pro Tem.

PER CURIAM.

James Hoffman appeals the denial of a motion to correct or reduce his sentence pursuant to I.C.R. 35. The sole issue is whether the district judge abused his discretion by failing to hold a hearing to consider Hoffman's Rule 35 motion before denying it. We affirm.

Hoffman was convicted of burglary and grand larceny. He received concurrent twelve-year indeterminate sentences. After the judgment of conviction was af-

firmed on appeal, *State v. Hoffman,* 109 Idaho 127, 705 P.2d 1082 (Ct.App.1985), Hoffman timely filed a Rule 35 motion. The district court denied the motion without first holding a hearing. Hoffman contends that a hearing was needed to inform the district judge of the changed circumstances of his incarceration in the two and one-half years since the sentence was imposed. The circumstances appear to be Hoffman's progress toward rehabilitation and the adverse effects of overcrowding at the prison.

The decision whether to conduct a hearing on a Rule 35 motion has always been directed to the sound discretion of the district court. *State v. Arambula,* 97 Idaho 627, 550 P.2d 130 (1976). The version of Rule 35 applicable here states: "Motions to correct or modify sentences under this rule shall be considered and determined by the court without the admission of additional testimony and without oral argument, unless otherwise ordered by the court in its discretion." We have held that an abuse of discretion is shown where the judge unduly limits the information considered in deciding a Rule 35 motion. *State v. Torres,* 107 Idaho 895, 693 P.2d 1097 (Ct.App.1984).

No such undue limitation occurred here. Although the judge did not hold a hearing, he considered the information provided by Hoffman's motion, affidavit and attachments. The information tended to show that Hoffman had made good rehabilitative progress since sentencing, had a good record in prison and had a place to live and work outside of prison. Hoffman's case was well presented by the written information presented to the district court. If there had been additional information to support his case, it was up to Hoffman to present it first to the district court and second to the appellate court. *State v. Rundle,* 107 Idaho 936, 694 P.2d 400 (Ct.App.1984). The district judge after reviewing all the information presented, concluded that a hearing was unnecessary and that reduction of the sentence was not justified. We find no abuse of discretion in this deci-sion. The order denying the Rule 35 motion is affirmed.