50 P.3d 472

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Joshua D. STRAND, Defendant–Appellant.**

No. 26538.

Supreme Court of Idaho, Boise, May 2002 Term.

June 24, 2002.

Molly J. Huskey, Interim State Appellate Public Defender, Boise, for appellant.

Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

EISMANN, Justice.

The Defendant appeals his sentence for the crime of sexual abuse of a child under sixteen years, and the district court's denial of his motion for reduction of the sentence. We affirm the judgment of the district court.

## I. FACTS AND PROCEDURAL HISTORY

On October 14, 1999, the State charged the Defendant with three counts of lewd conduct with a child under sixteen years of age in violation of Idaho Code § 18–1508 and one count of sexual abuse of a child under the age of sixteen years in violation of Idaho Code § 18–1506. The charges involved four different girls, one of whom was fifteen years of age, two of whom were twelve years of age, and one of whom was eleven years of age. The complaint alleged that the Defendant engaged in manual-genital and/or genital-genital contact with the three older girls and solicited the youngest girl to participate in a sexual act. The Defendant was nineteen years of age at the time of the alleged crimes.

The Defendant waived his right to a preliminary hearing and was held to answer in the district court. He entered a plea of not guilty to the crimes charged, and his case was set for trial to commence on December 20, 1999. On that date he appeared in court to change his plea pursuant to an agreement with the State. The State reduced one count of lewd conduct involving a twelve-year-old girl to the crime of sexual abuse of a child under sixteen years of age. The Defendant pled guilty to that charge and the State dismissed the three remaining counts. The State agreed to recommend that the Defendant be sentenced to the custody of the Idaho Board of Correction for a fixed period of one year followed by an indeterminate period of three years. The State also agreed that it would not recommend imposition of that sentence. It would at most recommend that the district court retain jurisdiction over the Defendant for 180 days. The Defendant also agreed that the district court could order restitution on all four counts.

The Defendant's sentencing hearing was scheduled for February 7, 2000. After questioning the Defendant about various statements in the presentence report, and listening to comments by Defendant's father, the district court continued the sentencing so that the Defendant could obtain a psychosexual evaluation. He did so, and the sentencing hearing resumed on April 3, 2000. At that hearing, both the State and defense counsel asked that the Defendant be sentenced to a retained jurisdiction. The district court did not follow that recommendation, however, and sentenced the Defendant to fourteen years in the custody of the Idaho Board of Correction, with the first four years fixed and the remaining ten years indeterminate.

On April 25, 2000, the Defendant moved for a reduction of his sentence pursuant to Idaho Criminal Rule 35. At the hearing on that motion on May 8, 2000, the Defendant withdrew the motion. Two days later he filed this appeal. On July 18, 2000, the Defendant again moved for a reduction of his sentence. The district court heard and denied the motion on August 28, 2000.

## II. ANALYSIS

**A. Did the district court abuse its discretion in sentencing the Defendant?**

We review the length of a sentence under an abuse of discretion standard. *State v. Trevino*, 132 Idaho 888, 980 P.2d 552 (1999). We consider the fixed portion of the sentence to be the term of confinement for the purpose of appellate review. *State v. Howard*, 135 Idaho 727, 24 P.3d 44 (2001). When a sentence is challenged as being excessively harsh, we independently review the record on appeal, having due regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Trevino*, 132 Idaho 888, 980 P.2d 552 (1999). In order to show that the sentence imposed was unreasonable, the defendant must show that the sentence, in light of the governing criteria, is excessive under any reasonable view of the facts. *Id.* When determining whether the sentence is excessive, we must consider: (1) the protection of society; (2) deterrence of the defen-

dant and others; (3) the possibility of the defendant's rehabilitation; and (4) punishment or retribution for the defendant. *State v. Howard,* 135 Idaho 727, 24 P.3d 44 (2001).

 Defendant argues that he needs mental health treatment and that the district court abused its discretion by sentencing him to prison rather than placing him on probation and requiring that he enter an inpatient treatment facility. Prior to sentencing, a psychologist evaluated Defendant as part of the psychosexual examination. When Defendant was six months old, he was placed in foster care. He lived in two foster homes during the next two and one-half years, and then he was adopted. He displayed a variety of behavioral problems throughout his childhood and teen years. Between the ages of fourteen and sixteen, he was in and out of juvenile detention. At age sixteen he was placed at the Juvenile Corrections Center in St. Anthony, where he stayed for two years. The psychologist concluded that Defendant's offending behavior was based on his chronic psychological maladjustment. The psychologist's conclusions regarding Defendant included the following:

> He shows longstanding attachment disordered symptomatology with a considerable underlying pain, anger and anxiety. Coupled with this, he shows significant limitations in his ability to tolerate distress and to manage emotions and behaviors. He shows limited abilities at this point to cope with unexpected high risk situations. While he attempts to regulate his emotions and behavior with compulsive sexuality and substance use, these are counterproductive and actually end up causing more trouble for him. Indeed, his substance use appears to result in significant disinhibition and actually increases his risk to the community.

If a defendant's mental condition is a significant factor, the court is required to consider factors such as: (a) the extent to which the defendant is mentally ill; (b) the degree of illness or defect and level of functional impairment; (c) the prognosis for improvement or rehabilitation; (d) any risk of danger which the defendant may create for the public if not incarcerated, or the lack of such risk; and (f) the capacity of the defendant to appreciate the wrongfulness of his or her conduct or to conform his or her conduct to the requirements of the law at the time of the offense charged. *Hollon v. State,* 132 Idaho 573, 976 P.2d 927 (1999); IDAHO CODE § 19–2523 (1997). The factors listed in Idaho Code § 19–2523 provide a manner in which to evaluate the mental health information presented to the sentencing court. *Hollon v. State,* 132 Idaho 573, 976 P.2d 927 (1999). The sentencing court is not required to recite each of the factors listed. The record need only show that the court adequately considered the substance of the factors in arriving at its sentencing decision. *Fenstermaker v. State,* 128 Idaho 285, 912 P.2d 653 (Ct.App.1995).

 In this case, the district court continued completion of the sentencing hearing in order to obtain a psychological examination of the Defendant. The record shows that the district court reviewed the report of that examination prior to sentencing the Defendant. In fact, the district court quoted portions of the report during the sentencing hearing. Thus, the district court complied with Idaho Code § 19–2523. That statute does not require that a defendant's mental condition be the controlling factor at sentencing. The defendant's mental condition is simply one of the factors that must be considered and weighed by the court at sentencing.

In this case, the district court considered the Defendant's juvenile record and the two years of counseling and treatment that the Defendant received at the Juvenile Corrections Center in St. Anthony, which did not change Defendant's behavior. He also considered Defendant's refusal to take responsibility for his conduct by claiming that the girls initiated the sexual contact. When the probation officer conducting the presentence interview confronted the Defendant about his unwillingness to take responsibility for his conduct, he became hostile, swore, and created such a disturbance that another probation officer came into the office in an attempt to calm the Defendant. The second time he did so, the probation officer terminated the interview and told Defendant to return in two weeks to complete it. The Defendant has a

long history of unwillingness to control his anger. The district court also noted that the psychological examination report stated that the Defendant was at a moderate to high risk of engaging in sexual activity with minor females in the future and that he appears to be at risk in home, school, and community settings where potential victims might be present. During the presentence interview, the Defendant said that he turns to children because he is afraid of being rejected by adults and feels he belongs with children. When considering Defendant's willingness to comply with the terms of probation, the district court considered that after the completion of the presentence report in this case, the Defendant began using two controlled substances, cocaine and methamphetamine. The district court also considered Defendant's sexual history, including his sexual conduct with teenage and adult males and his conduct with the four girls in this case. One of the girls reported that the Defendant had forcibly attempted to have sexual intercourse with her, and, during his psychological examination, the Defendant reported that on several occasions he had engaged in forcible sexual activity with another female, who showed borderline mental deficiency.

After considering the information in the presentence report, the information in the psychological examination report, and the other information presented, the district judge placed greater emphasis on the need to protect the community and the need to punish the Defendant in an attempt to deter him from committing similar crimes in the future. The Defendant has failed to show that the district court abused its discretion.

**B. Did this Court deny the Defendant due process by denying his motion to augment the record with a transcript of the hearing on his motion for a reduction of his sentence?**

▮ After the appeal was filed in this case, Defendant moved to augment the record with a transcript, prepared at public expense, of the August 28, 2000, hearing on the Defendant's motion to reduce his sentence. This Court denied that motion. Defendant later renewed his motion to augment

the record with the free transcript, which motion this Court also denied. Defendant argues on appeal that he has been denied the right to due process of law guaranteed by both the state and federal constitutions by this Court's refusal to order that he be provided with a free transcript of the hearing. In support of his argument, Defendant relies upon *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); *Eskridge v. Washington State Bd. of Prison Terms and Paroles*, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269 (1958); *Lane v. Brown*, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963); and *Draper v. Washington*, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963).

▮ "Both equal protection and due process emphasize the central aim of our entire judicial system—all people charged with crime must, so far as the law is concerned, 'stand on an equality before the bar of justice in every American court.'" *Griffin v. Illinois*, 351 U.S. 12, 17, 76 S.Ct. 585, 590, 100 L.Ed. 891, 898 (1956) (citation omitted). The State is not required, however, to purchase a stenographer's transcript in every case in which a defendant cannot buy one, *Id.*, nor is the State required to provide a transcript of all proceedings held below. *Draper v. Washington*, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963). "[T]he fact that an appellant with funds may choose to waste his money by unnecessarily including in the record all of the transcripts does not mean that the State must waste its funds by providing what is unnecessary for adequate appellate review." *Id.* at 496, 83 S.Ct. at 779, 9 L.Ed.2d at 905. The State is only required to provide an indigent defendant a record on appeal that is sufficient for adequate appellate review of the errors alleged regarding the proceedings below. *Draper v. Washington*, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963); *Lane v. Brown*, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963); *Eskridge v. Washington State Bd. of Prison Terms and Paroles*, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269 (1958); and *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956).

In this case, neither the Defendant nor the State offered any testimony during the hearing held on August 28, 2000. The Defendant

did offer two documents into evidence, which were both admitted and made part of the record on appeal. Those documents did not provide any information regarding the Defendant. They were simply cover pages of addenda to the presentence investigation reports of two other defendants who were sentenced by two other judges. The documents simply showed that those defendants, whose names, offenses, and case numbers were excised from the documents, had each been sentenced to a retained jurisdiction.

A transcript of the hearing would have shown only the arguments, if any, Defendant's counsel made during the hearing in an attempt to convince the district court to grant the Defendant leniency. A transcript of the hearing is not necessary for the Defendant to argue on appeal why it was an abuse of discretion for the district court not to grant the leniency requested. In fact, a defendant does not even have the right to a hearing on a motion for reduction of sentence, *State v. Hoffman*, 112 Idaho 114, 730 P.2d 1034 (Ct.App.1986); IDAHO R. CRIM. P. 35, nor is the district court required to enter findings to support its denial of the motion, *State v. Ojeda*, 119 Idaho 862, 810 P.2d 1148 (Ct.App.1991). When a motion to reduce sentence is supported solely by documentary evidence and no hearing is held, the denial of that motion can be adequately reviewed on appeal based upon the evidence in the record. *See State v. Ojeda*, 119 Idaho 862, 810 P.2d 1148 (Ct.App.1991); and *State v. Hoffman*, 112 Idaho 114, 730 P.2d 1034 (Ct.App.1986). Likewise, when a hearing is held but only documentary evidence is offered, the denial of the motion to reduce sentence can be adequately reviewed on appeal without a stenographic transcript of the hearing.

Because no new information was offered concerning the Defendant, this Court's review of the denial of the Rule 35 motion would be identical to this Court's review of the sentence originally imposed. If it was an abuse of discretion to impose the original sentence, it was an abuse of discretion to deny the Rule 35 motion. Conversely, if it was not an abuse of discretion to impose the original sentence, it was not an abuse of

discretion to deny the Rule 35 motion. The record on appeal includes the documentary evidence presented, along with the information presented to the court in connection with the initial sentencing. Therefore, the Defendant was not denied due process of law by this Court's refusal to order that a transcript of the hearing be made at public expense.

**C. Did the district court abuse its discretion when it denied Defendant's motion for a reduction of his sentence?**

A motion to reduce an otherwise lawful sentence under Idaho Criminal Rule 35 is a plea for leniency. *State v. Wright*, 134 Idaho 73, 996 P.2d 292 (2000). The decision of whether to grant a plea for leniency is in the sound discretion of the sentencing court and is reviewed for an abuse of discretion. *State v. Burnight*, 132 Idaho 654, 978 P.2d 214 (1999). If the initial sentence was not excessive when imposed, the appellant must show on appeal that it is excessive in light of new or additional information subsequently presented to the sentencing court in support of the motion to reduce the sentence. On appeal we examine the record before us, including evidence presented in connection with the motion, to determine whether the trial court abused its discretion in failing to grant the leniency requested. *State v. Lavy*, 121 Idaho 842, 828 P.2d 871 (1992).

In support of his motion to reduce his sentence, Defendant only offered two documents prepared by the Idaho Department of Correction showing that two other district judges had sentenced two other defendants to a retained jurisdiction. The documents do not show the crimes for which the other two defendants were sentenced, nor do they show any facts or circumstances surrounding those defendants or their crimes. The two documents were apparently offered by the Defendant to support an argument that if those two judges sentenced those two defendants to a retained jurisdiction, the judge in this case should have sentenced the Defendant to a retained jurisdiction. Even if the circumstances regarding those two defendants were similar to this case, the fact that those two defendants were sentenced to a retained jur-

isdiction would not show that it was an abuse of discretion not to sentence Strand to a retained jurisdiction. On appeal, Defendant states that he is "unable to present a cogent argument in relation to the new information offered." Being unable to argue that this new information should have caused the district court to grant leniency, the Defendant simply argues that his sentence was excessive as initially imposed. As we have decided above, the sentence was not excessive. Therefore, the Defendant has not shown that the district court abused its discretion in refusing to grant the Defendant leniency.

## III. CONCLUSION

We hold that the Defendant has failed to show that the district court abused its discretion in sentencing the Defendant or in denying the Defendant's motion to reduce his sentence. We further hold that the Defendant was not deprived of due process by not being provided with a stenographic record of the hearing on his motion to reduce his sentence. The judgment of the district court is affirmed.

Chief Justice TROUT and Justices SCHROEDER, WALTERS and KIDWELL concur.