**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35669**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 580 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 5, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| GERALD DEAN LAY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Order revoking probation and directing execution of original sentence, affirmed.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Gerald Dean Lay appeals the district court's order revoking probation and directing execution of his underlying sentence for felony aggravated assault, Idaho Code §§ 18-901(b), 18-905(b). We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 3, 2003, Lay demanded that his girlfriend, B.W., give him $220. She refused to give him the money and kept it beneath her bra. Lay used a knife to cut and rip her shirt and bra off in order to take the money. Lay pled guilty to felony aggravated assault, I.C. §§ 18-901(b), 18-905(b), the State dismissed the charge of felony robbery, I.C. §§ 18-6501, 18-6502, and, pursuant to a binding Idaho Criminal Rule 11 plea agreement, the court sentenced Lay to a unified sentence of five years with two years determinate, but suspended the sentence and placed Lay on probation.

1

On December 1, 2007, Lay physically abused his wife, S.L., prompting his probation officer to seek revocation of his probation. Also, on April 5, 2008, Lay was discovered living with A.M., which was contrary to the terms of his probation. Lay admitted to violating the terms of his probation. The district court revoked probation and reinstated the suspended sentence. Lay appeals.

## II.

## DISCUSSION

Lay contends that he has been deprived of due process on appeal because the recording of his sentencing hearing was destroyed, preventing him from presenting that evidence to this Court. Alternatively, he claims that the district court abused its discretion by revoking his probation.

Where a defendant claims that his or her right to due process was violated, we defer to the trial court's findings of fact, if supported by substantial evidence. *State v. Smith*, 135 Idaho 712, 720, 23 P.3d 786, 794 (Ct. App. 2001). However, we freely review the application of constitutional principles to those facts found. *Id.*

On July 31, 2009, Lay filed a motion to suspend the briefing on appeal and augment the record with the sentencing transcript, which the Supreme Court granted. On November 20, 2009, the Court withdrew the previous order and denied the motion to augment with the sentencing transcript upon notification from the district court that the sentencing recording had been destroyed.[1] Lay asserts that, without the sentencing transcript, he has been deprived of a full and fair opportunity to present his arguments on appeal and, thus, denied due process.

A defendant in a criminal case has a due process right to a record on appeal that is sufficient for adequate appellate review of the errors alleged regarding the proceedings below.

---

[1] We note that Idaho Code § 1-1103 requires court reporters to correctly report all oral proceedings and the testimony taken in all cases tried before the district court. "The reporter shall file the stenographic records and reports made by him with the clerk of the district court of the county in which such report was taken and was tried." I.C. § 1-1104. Idaho Court Administrative Rule 37 allows destroying recordings, tapes, and stenographic records after five years from the date of the hearing. However, although not cited by Lay, Idaho Court Administrative Rule 38(b) precludes destruction of court records while a defendant is incarcerated or on probation. Since Lay was on probation, the recording should not have been destroyed.

*State v. Strand*, 137 Idaho 457, 462, 50 P.3d 472, 477 (2002). However, the inability to provide a transcript of an oral proceeding below does not automatically mandate reversal. *State v. Polson*, 92 Idaho 615, 620-21, 448 P.2d 229, 234-35 (1968). The lack of a complete transcript must prejudice the defendant's ability to pursue the appeal. *Id*. at 621, 448 P.2d at 235. In support of his claim that the sentencing transcript is necessary for review of the trial court's decision to revoke probation, Lay contends that this Court's decision in *State v. Hanington*, 148 Idaho 26, 218 P.3d 5 (Ct. App. 2009), requires a review of the entire record of proceedings in the trial court up to and including the revocation of probation. Lay reads *Hanington* too broadly. As stated in *Hanington*, in reviewing the propriety of a probation revocation, we will not arbitrarily confine ourselves to only those facts which arise after sentencing to the time of the revocation of probation. *Id.* at 30-31, 218 P.3d at 7-8. However, that does not mean that all proceedings in the trial court up to and including sentencing are germane. The focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. Thus, this Court will consider the elements of the record before the trial court that are relevant to the revocation of probation issues properly made part of the record on appeal.

Lay asserts that the sentencing transcript was necessary because it contained his allocution at the time of sentencing "and its potential impact on the propriety of his sentence or upon the court's determination to revoke probation." First, Lay did not appeal the propriety of his sentence and it is not before this Court. Second, Lay has failed to demonstrate, in any way, how his allocution at the time of sentencing may have borne on the district court's determination to revoke probation. He has provided nothing relative to the content of his own allocution or how it may relate to the decision to revoke probation. He has not shown that any of the sentencing proceedings, other than the resultant sentence, were before the district court at the time of its decision to revoke probation. Moreover, whatever the content of his allocution, it was given at a sentencing proceeding where Lay agreed to the sentence he received, and presumably was offered, in support of the binding Rule 11 plea agreement and the five-year sentence with two-year determinate term agreed to therein. The inability to produce the sentencing transcript has not been shown to prejudice Lay in the presentation of the appeal of the district court's decision to revoke probation, or to be a violation of his due process rights.

Alternatively, Lay claims that the district court abused its discretion in revoking his probation. It is within the trial court's discretion to revoke probation if any of the terms and

conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

As noted, when we review a sentence that is ordered into execution following a period of probation, we will examine the record before the district court upon revocation of probation, which record may include facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Hanington*, 148 Idaho at 29, 218 P.3d at 8. Our inquiry is focused on the district court's decision to revoke probation and whether the district court, upon the record, abused its discretion in revoking probation. *Id.* Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

### III.

### CONCLUSION

Lay has failed to demonstrate that the sentencing transcript was either germane or material to the issues raised by the district court's revocation of his probation reviewed on this

appeal and, thus, was neither prejudiced nor denied due process by the inability to produce the transcript. The district court did not abuse its discretion in revoking Lay's probation. The district court's order revoking probation and directing execution of Lay's previously suspended sentence is affirmed.

Judge GUTIERREZ and Judge MELANSON, **CONCUR.**