**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36242**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 634 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 9, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DAVID C. RALSTON, III, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Valley County. Hon. Thomas F. Neville, District Judge.

Order denying motion for reduction of license suspension, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Shannon N. Romero, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Chief Judge

David C. Ralston, III, appeals from the district court's order denying his Idaho Criminal Rule 35 motion for reduction of the driver's license suspension portion of his sentence for felony driving under the influence. We affirm.

Ralston was charged with felony driving under the influence, Idaho Code §§ 18-8004, -8005(5) (two or more previous violations within ten years).[1] Because his eight-year-old son was in the vehicle with him at the time, Ralston was also charged with misdemeanor injury to a child, I.C. § 18-1501(3). Ralston pleaded guilty to both offenses. The district court imposed a unified term of imprisonment of ten years, with one and one-half years fixed, on the DUI charge and a concurrent one-hundred-eighty-day jail sentence on the misdemeanor count. Pursuant to

_____

[1] By a subsequent legislative amendment, what was formerly codified as I.C. § 18-8005(5) is currently codified as I.C. § 18-8005(6).

former I.C. § 18-8005(5)(d), the court also suspended Ralston's driving privileges for five years following his release from prison. Ralston did not appeal from the judgment of conviction.

Thereafter, Ralston filed an I.C.R. 35 motion for reduction of the driver's license suspension portion of his sentence for DUI. The district court denied the motion without comment. Ralston appeals.

## A.    Due Process

Ralston first contends that the Idaho Supreme Court violated his right to due process in this appeal when the Court denied his motion for preparation of certain transcripts at public expense. We disagree. The record in this appeal includes transcripts of the change of plea and sentencing hearings in this case. What Ralston sought, and was denied, was the preparation of additional sentencing and retained jurisdiction review transcripts from Ralston's prior conviction, before the same district judge, for felony domestic battery. Ralston committed the present offenses approximately one month after being placed on probation, following a period of retained jurisdiction, on the domestic battery charge.

The State is required to provide an indigent defendant a record on appeal that is sufficient for adequate appellate review of the errors alleged regarding the proceedings below. *State v. Strand*, 137 Idaho 457, 462, 50 P.3d 472, 477 (2002). While Ralston's probation on the domestic battery charge was revoked at the same time he was sentenced on the instant charges, this appeal does not challenge the order of revocation and thus presents no issues attendant to the domestic battery charge. Transcripts from this entirely separate case are not "the proceedings below" with respect to the DUI conviction, and an adequate record exists for this Court to review Ralston's claim of error regarding the denial of his Rule 35 motion. Ralston's claim of deprivation of due process is without merit.

## B.    Denial of Rule 35 Motion

A motion for reduction of a sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*,

113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 450, 680 P.2d 869, 872 (Ct. App. 1984).

Here, Ralston's motion asserted that he was pursuing treatment for his alcoholism while in prison. He further asserted that he worked in the carpentry trade and used a cargo trailer to transport his tools to and between job sites. He contended that, upon release, pursuit of this line of work would be difficult without a driver's license and requested that the district court reduce the license suspension portion of his sentence from five years to one and one-half years to run concurrent with his prison sentence. The district court denied the motion.

We conclude that the district court did not abuse its discretion. First, as noted by the State, the district court lacked the authority to grant one portion of Ralston's request for relief. Former I.C. § 18-8005(5)(d) provides that if a defendant is convicted of DUI with two or more previous convictions within ten years, the defendant:

> (d) Shall have his driving privileges suspended by the court for a mandatory minimum period of one (1) year after release from imprisonment, and may have his driving privileges suspended by the court for not to exceed five (5) years after release from imprisonment, during which time he shall have absolutely no driving privileges of any kind. . . .

Because the statute requires that a driving privilege suspension begin "after release from imprisonment," the district court had no authority to order that the term of suspension run while Ralston remained incarcerated.

With respect to that portion of Ralston's request for relief within the district court's authority to grant, the court did not abuse its discretion by declining to reduce the term of license suspension from five years to one and one-half years. In addition to numerous other convictions, this was Ralston's fourth DUI conviction in the last ten years. An analysis of his blood showed his alcohol concentration to be .277, more than three times the legal limit. Ralston also chose to drive drunk with his eight-year-old son in the car. The record amply shows that if Ralston is permitted to drive, he is a danger to others. The district court did not abuse its discretion by concluding that Ralston's asserted future work difficulties did not outweigh the need to protect society, for the maximum time allowed by statute, from Ralston's proclivity to drive while intoxicated.

The district court's order denying Ralston's Rule 35 motion is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**

3