IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38168

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 755 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 22, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| LUIS ALVAREZ-MARTINEZ, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order revoking probation and reinstating previously suspended unified four-year sentence with two-year determinate term for possession of methamphetamine, affirmed; order denying motion to augment the record, affirmed.

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.
_____

GRATTON, Chief Judge

Luis Alvarez-Martinez appeals from the district court's order revoking his probation and the Idaho Supreme Court's order denying his motion to augment the record. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Alvarez-Martinez pled guilty to possession of methamphetamine, Idaho Code § 37-2732(c)(1). The district court sentenced Alvarez-Martinez to a unified term of four years with two years determinate, suspended the sentence, and placed him on probation for five years. Approximately eighteen months later, Alvarez-Martinez pled guilty to two crimes--possession of a controlled substance and inattentive driving. The State filed a motion to revoke Alvarez-Martinez's probation. Alvarez-Martinez admitted to violating his probation, and the district

1

court revoked his probation and ordered execution of his original sentence. Alvarez-Martinez timely appealed.

Alvarez-Martinez moved to augment the record on appeal with a copy of a new (2010) presentence investigation report (PSI) which was utilized by the district court at his probation revocation hearing. The Idaho Supreme Court issued an order denying Alvarez-Martinez's motion to augment the record. Alvarez-Martinez timely appealed from that order.

## II.

## DISCUSSION

Alvarez-Martinez claims that the Idaho Supreme Court violated his due process rights by denying his motion to augment the record on appeal, and that the district court abused its discretion when it revoked his probation.

### A. Denial of Motion to Augment

First, we examine whether Alvarez-Martinez's right to due process was infringed upon by the Idaho Supreme Court's order denying his request to augment the record with the PSI prepared in regard to the crimes committed during his probation, resulting in a violation of his probation. We conclude that Alvarez-Martinez's argument is without merit. A defendant in a criminal case only has a due process right to "a record on appeal that is sufficient for adequate appellate review of the errors alleged regarding the proceedings below." *State v. Strand*, 137 Idaho 457, 462, 50 P.3d 472, 477 (2002) (citing *Draper v. Washington*, 372 U.S. 487 (1963); *Lane v. Brown*, 372 U.S. 477 (1963); *Eskridge v. Washington State Bd. of Prison Terms and Paroles*, 357 U.S. 214 (1958); *Griffin v. Illinois*, 351 U.S. 12 (1956)). In this case, Alvarez-Martinez appeals from the district court's order revoking his probation. Alvarez-Martinez sought the inclusion of the PSI from the incident that violated his probation. Alvarez-Martinez asserts that this PSI was "undoubtedly relevant to the question of whether probation should have been revoked. . . ." Alvarez-Martinez has failed to show how the PSI, prepared for the incident that violated his probation, is necessary for a review of the district court's probation revocation.

The record contains all of the pleadings related to the original charge, the motion to revoke probation, the district court's revocation decision, the PSI prepared in relation to the original charge, and the transcripts of the guilty plea, sentencing, admit/deny, and disposition hearings in the case. Alvarez-Martinez argues that the PSI would include "the circumstances surrounding the offense; the defendant's criminal history; and the defendant's social history,

2

education, and employment." Although Alvarez-Martinez is correct in his contention of what is contained in the PSI, the information is available elsewhere in the record. The PSI, prepared in relation to the original charge, would include all information of the defendant's criminal history, social history, education, and employment. The only information not contained in that PSI is what happened in the eighteen months following Alvarez-Martinez being placed on probation. During those eighteen months, Alvarez-Martinez was deported, returned to the United States illegally, and committed two new crimes. This information would not provide something "mitigating" as Alvarez-Martinez argues. As for "the circumstances surrounding the offense," that information can be found in the affidavit in support of complaint filed in relation to that case, which was attached to the motion to revoke probation filed in this case. For the aforementioned reasons, Alvarez-Martinez has failed to show how the PSI from the incident that violated his probation is necessary for adequate appellate review of the issues presented on appeal and, thus, cannot prove a due process violation.

Furthermore, Alvarez-Martinez's argument that the Idaho Supreme Court violated his due process rights by denying his motion to augment the record is without merit. Alvarez-Martinez was afforded the opportunity to designate not only the standard clerk's record, but also additional records necessary for inclusion in the clerk's record on appeal. Idaho Appellate Rule 28(a) and (c). Therefore, Alvarez-Martinez was provided the process by which he could designate all documents in the record necessary for appeal and took advantage of that opportunity. While I.A.R. 30 provides that a party may move the Supreme Court to add to the settled clerk's record, nothing therein creates a right to such augmentation. Alvarez-Martinez has not shown that the ability to designate records necessary for appellate review under I.A.R. 28 was insufficient to afford due process in this case.

**B.      Probation Revocation**

Alvarez-Martinez argues that the district court abused its discretion when it revoked his probation and executed his suspended sentence. It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and is consistent with

the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 326, 834 P.2d at 328; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 326, 834 P.2d at 328.

Alvarez-Martinez was arrested after a traffic stop for possession of methamphetamine. He was sentenced for the incident, but that sentence was suspended and he was placed on probation. After sentencing, Alvarez-Martinez was deported and required to report to the nearest Idaho Department of Probation and Parole office if he legally re-entered the country. Approximately eighteen months into his probation, Alvarez-Martinez was again stopped by the police and, as a result, was charged with drug possession and inattentive driving. Alvarez-Martinez not only violated the terms of his probation by committing two new crimes, but also by illegally re-entering the country. The district court acted within the boundaries of its discretion and through an exercise of reason when it determined that probation was not achieving the goal of rehabilitation; and that Alvarez-Martinez's subsequent possession charge posed a serious risk to society. Therefore, the district court did not abuse its discretion when it revoked Alvarez-Martinez's probation and ordered the execution of his sentence.

## III.

## CONCLUSION

Alvarez-Martinez has failed to show a violation of due process by the denial of his motion to augment the record on appeal by the Idaho Supreme Court. The district court also did not abuse its discretion by revoking Alvarez-Martinez's probation. Accordingly, the district court's order revoking Alvarez-Martinez's probation is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**