**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38754**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 524 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 21, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOHN HENRY GILL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla S. Williamson, District Judge.

Order granting I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jordan E. Taylor, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jason M. Gray, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

John Henry Gill appeals from the district court's order granting his I.C.R. 35 motion for reduction of his sentence. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

The state charged Gill with failure to register as a sex offender, I.C. § 18-8309, and being a persistent violator, I.C. § 19-2514. Pursuant to a plea agreement, Gill entered an *Alford* plea[1] to the failure to register charge and admitted that he had three prior felony convictions. He was sentenced to a unified term of twenty years, with a minimum period of confinement of ten years. Gill filed a Rule 35 motion for reduction of his sentence and submitted an affidavit and several documents in support of his motion. A hearing was held on Gill's motion and he concedes there was no testimony presented. The district court granted Gill's motion and reduced his sentence to

_____

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

a unified term of twenty years, with a minimum period of confinement of five years. On appeal, Gill filed a motion and renewed motion to augment the appellate record with the transcript of his Rule 35 hearing, both of which the Idaho Supreme Court denied.

## II.

## ANALYSIS

Gill argues that the Idaho Supreme Court denied him due process and equal protection when it denied his motion to augment the record with the transcript of his Rule 35 hearing. Specifically, Gill asserts that, without such transcript, this Court has no way to review the district court's order reducing his sentence. Gill also asserts that, without access to the requested transcript, his defense counsel cannot make a professional evaluation of the issues that might be presented on appeal. As Gill asserted in his renewed motion to augment the record, Gill reiterates that, because there was dialogue between the district court and Gill at the Rule 35 hearing, the district court's decision to grant Gill's Rule 35 motion was based on something more than documentary evidence and argument. Gill makes this argument in an attempt to distinguish his case from *State v. Strand*, 137 Idaho 457, 50 P.3d 472 (2002). The state argues that Gill's case is indistinguishable from *Strand* and, therefore, his constitutional claim fails.

We first note that the issue of whether the Idaho Supreme Court deprived Gill due process and equal protection when it denied his motion to augment the record with the transcript of his Rule 35 hearing appears to be foreclosed from further review by this Court because the issue was submitted to the Idaho Supreme Court through an appellate motion and denied. *See State v. Hardman*, 121 Idaho 873, 875, 828 P.2d 902, 904 (Ct. App. 1992) (holding that the issue of the denial of a defendant's motion for waiver of fees for preparation of transcripts for appeal was foreclosed from further review because the issue was submitted to the Idaho Supreme Court through an appellate motion and denied).[2] Assuming we may address the issue, in *Strand*, the Idaho Supreme Court considered the question of whether it denied Strand due process and equal protection by denying his motion to augment the record with a transcript of the hearing on his motion for reduction of his sentence. The Court explained:

---

[2] Because we determine that Gill's constitutional claims have no merit, we need not decide in this case whether *Hardman* results in an absolute bar to review by this Court of all motions to augment the record which have been denied by our Supreme Court. There may well be circumstances in which this Court would grant a motion to augment the record which was previously denied by the Supreme Court.

"Both equal protection and due process emphasize the central aim of our entire judicial system--all people charged with crime must, so far as the law is concerned, 'stand on an equality before the bar of justice in every American court.'" *Griffin v. Illinois*, 351 U.S. 12, 17, 76 S.Ct. 585, 590, 100 L. Ed. 891, 898 (1956) (citation omitted). The State is not required, however, to purchase a stenographer's transcript in every case in which a defendant cannot buy one, *Id.*, nor is the State required to provide a transcript of all proceedings held below. *Draper v. Washington*, 372 U.S. 487, 83 S. Ct. 774, 9 L. Ed. 2d 899 (1963). "[T]he fact that an appellant with funds may choose to waste his money by unnecessarily including in the record all of the transcripts does not mean that the State must waste its funds by providing what is unnecessary for adequate appellate review." *Id.* at 496, 83 S. Ct. at 779, 9 L. Ed. 2d at 905. The State is only required to provide an indigent defendant a record on appeal that is sufficient for adequate appellate review of the errors alleged regarding the proceedings below. *Draper v. Washington*, 372 U.S. 487, 83 S. Ct. 774, 9 L. Ed. 2d 899 (1963); *Lane v. Brown*, 372 U.S. 477, 83 S. Ct. 768, 9 L. Ed. 2d 892 (1963); *Eskridge v. Washington State Bd. of Prison Terms and Paroles*, 357 U.S. 214, 78 S. Ct. 1061, 2 L. Ed. 2d 1269 (1958); and *Griffin v. Illinois*, 351 U.S. 12, 76 S. Ct. 585, 100 L. Ed. 891 (1956).

In this case, neither the Defendant nor the State offered any testimony during the hearing held on August 28, 2000. The Defendant . . . did offer two documents into evidence, which were both admitted and made part of the record on appeal. Those documents did not provide any information regarding the Defendant. They were simply cover pages of addenda to the presentence investigation reports of two other defendants who were sentenced by two other judges. The documents simply showed that those defendants, whose names, offenses, and case numbers were excised from the documents, had each been sentenced to a retained jurisdiction.

A transcript of the hearing would have shown only the arguments, if any, Defendant's counsel made during the hearing in an attempt to convince the district court to grant the Defendant leniency. A transcript of the hearing is not necessary for the Defendant to argue on appeal why it was an abuse of discretion for the district court not to grant the leniency requested. In fact, a defendant does not even have the right to a hearing on a motion for reduction of sentence, *State v. Hoffman,* 112 Idaho 114, 730 P.2d 1034 (Ct. App. 1986); IDAHO R. CRIM. P. 35, nor is the district court required to enter findings to support its denial of the motion, *State v. Ojeda*, 119 Idaho 862, 810 P.2d 1148 (Ct. App. 1991). When a motion to reduce sentence is supported solely by documentary evidence and no hearing is held, the denial of that motion can be adequately reviewed on appeal based upon the evidence in the record. *See State v. Ojeda*, 119 Idaho 862, 810 P.2d 1148 (Ct. App. 1991); and *State v. Hoffman*, 112 Idaho 114, 730 P.2d 1034 (Ct. App. 1986). Likewise, when a hearing is held but only documentary evidence is offered, the denial of the motion to reduce sentence can be adequately reviewed on appeal without a stenographic transcript of the hearing.

*Strand*, 137 Idaho at 462-63, 50 P.3d at 477-78.

Gill's argument that his case is distinguishable from *Strand* is unpersuasive. Specifically, as noted above, Gill asserts that, because there was dialogue between the district court and Gill at his Rule 35 hearing, unlike *Strand*, the order reducing Gill's sentence was based on something more than documentary evidence and argument. However, Gill does not articulate, even in a general way, what the dialogue between he and the district court consisted of. Further, Gill concedes that there was no testimony presented at his Rule 35 hearing. Thus, Gill has not demonstrated that the district court's order reducing Gill's sentence was based on something more than documentary evidence and, therefore, has not shown that his case is distinguishable from *Strand*. We reiterate that where a hearing is held, but only documentary evidence and argument are offered and the documentary evidence is made part of the record on appeal, the determination of a motion to reduce a sentence can be adequately reviewed on appeal without a transcript of the hearing. *Strand,* 137 Idaho at 463, 50 P.3d at 478. Because no testimony was presented at Gill's Rule 35 hearing and the record on appeal includes the documentary evidence presented in support of his Rule 35 motion, along with the information presented to the district court in connection with Gill's initial sentencing, the Idaho Supreme Court did not deny Gill due process by denying his motion to augment the record.

Gill also argues that the district court abused its discretion by granting his Rule 35 motion for reduction of his sentence. When presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). A lower court's decision to grant or deny a Rule 35 motion will not be disturbed in the absence of an abuse of discretion. *State v. Villarreal*, 126 Idaho 277, 281, 882 P.2d 444, 448 (Ct. App. 1994). Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). Since the district court later modified Gill's sentence, pursuant to his Rule 35 motion, we will only review Gill's modified sentence for an abuse of discretion. *See State v. McGonigal*, 122 Idaho 939, 940-41, 842 P.2d 275, 276-77 (1992). Gill has the burden of showing a clear abuse of discretion on the part of the district court in failing to further reduce the sentence on Gill's Rule 35 motion. *See State v. Cotton*, 100 Idaho 573, 577, 602 P.2d 71, 75 (1979).

4

As noted above, Gill was originally sentenced to a unified term of twenty years, with a minimum period of confinement of ten years. After a hearing on Gill's Rule 35 motion, the district court reduced Gill's sentence to a unified term of twenty years, with a minimum period of confinement of five years. Gill asserts that the district court should have further granted his motion by reducing the indeterminate portion from fifteen years to seven years based on Gill's mental health issues, physical and mental abuse he suffered as a child, and information he submitted in support of his Rule 35 motion. Specifically, Gill refers to the following information: he would have better access to mental health treatment outside of prison; he was taking classes to better himself; his mental health issues had stabilized and his prescription medications were working; he had a plan for release including housing and employment; and he was willing to engage in mental health treatment and had been accepted into the Living with Mental Illness group in prison.

Gill's mental health issues and the physical and mental abuse he allegedly suffered as a child were not new information to the district court at Gill's Rule 35 hearing because such information was included in the information that the district court considered at sentencing. Similarly, Gill's willingness to engage in mental health treatment was documented at sentencing. We do not consider Gill's assertion that he would have better access to mental health treatment outside of prison to be new information. The information Gill provided with respect to the classes he was taking in prison was new information but, at a separate hearing prior to Gill's Rule 35 hearing, the district court informed Gill:

> As far as the programs that you're doing out there, that's not going to get your sentence reduced, because I expect if you go out to the prison you're going to do programs, and you're going to do those programs well in order to earn parole. So the fact that you may be enrolling in this program, that program, that's not going to make any difference in the sentence that I impose because I expected that. At the time I sentenced you, I expected that, so that's not any new information.

We note that, in originally sentencing Gill, the district court considered Gill's prior conviction of possession of sexually exploitative material and failure to comply with probation in that case. The district court also considered Gill's prior conviction of two counts of battery on a law enforcement officer. The district court determined that Gill had to be sent to prison so he could be medically managed and receive psychiatric treatment because, based on information in the PSI related to Gill's criminal history as a violent offender, continued denial of involvement in

5

such offenses, sexual interest in young children, mental illness and hostile and argumentative nature, Gill was a danger to society. The district court also noted that the state's request for a determinate sentence of twenty years was not appropriate because the PSI indicated the possibility that Gill's behavior could improve with medical management. Gill provided new information in support of his Rule 35 motion that his mental health issues had stabilized, his prescription medications were working, and he had a plan for release. However, given Gill's criminal history as a violent offender and sexual interest in young children, such information does not show a clear abuse of discretion on the part of the district court in failing to further reduce Gill's sentence.

## III.

## CONCLUSION

The issue of whether the Idaho Supreme Court deprived Gill due process when it denied his motion to augment the record with the transcript of his Rule 35 hearing is foreclosed from further review by this Court because the issue was submitted to the Idaho Supreme Court through an appellate motion and denied. Even assuming we could consider the issue, because no testimony was presented at Gill's Rule 35 hearing and the record on appeal includes the documentary evidence presented in support of his Rule 35 motion, along with the information presented to the district court in connection with Gill's initial sentencing, the Idaho Supreme Court did not deny Gill due process by denying his motion to augment the record. Additionally, Gill has not shown a clear abuse of discretion on the part of the district court in failing to further reduce the sentence on Gill's Rule 35 motion. Accordingly, the order of the district court granting Gill's Rule 35 motion is affirmed.

Judge LANSING and Judge GUTIERREZ, **CONCUR.**