IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 40440

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 740 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 7, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BRIAN RICHARD FORD, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Darren B. Simpson, District Judge.

Order revoking probation and executing underlying sentence of a unified term of seven years, with two years determinate, affirmed; order denying successive Idaho Criminal Rule 35 motion for reduction of sentence, affirmed.

Stephen D. Thompson, Ketchum, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Brian Richard Ford pled guilty to felony driving under the influence. Idaho Code §§ 18-8004, 18-8005(9), 18-8008. The district court sentenced Ford to a unified term of seven years, with two years determinate. Ford filed an Idaho Criminal Rule 35 motion for reconsideration of his sentence. The district court granted a period of retained jurisdiction and recommended Ford be placed in a rider program. After Ford completed his programming, the district court placed Ford on probation. One year later, Ford admitted to violating terms of his probation. The district court consequently revoked probation and executed Ford's underlying sentence. Ford filed a successive Rule 35 motion for reduction of his sentence, which the district court denied. Ford appeals from the district court's order revoking probation and executing the

1

underlying sentence, and from the order denying his successive Rule 35 motion, contending the district court abused its discretion.

## A.    Sentencing

Ford asserts the district court abused its discretion in revoking probation and executing the underlying sentence by failing to adequately consider mitigating factors. Specifically, Ford argues the district court failed to adequately consider mental health factors enumerated in Idaho Code § 19-2523 and argues his sentence is excessive.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and is consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. After a probation violation has been established, the court may order that the underlying sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A court's decision not to reduce a sentence after revoking probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *State v. Hannington*, 148 Idaho 26, 27, 218 P.3d 5, 7 (Ct. App. 2009); *Marks*, 116 Idaho at 978, 783 P.2d at 317.

Sentencing is also a matter for the trial court's discretion. Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard

for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

If the defendant's mental condition is a significant issue, the sentencing judge must also weigh that mental condition as a sentencing consideration. I.C. § 19-2523; *State v. Miller*, 151 Idaho 828, 834, 264 P.3d 935, 941 (2011); *State v. Moore*, 126 Idaho 208, 211, 880 P.2d 238, 241 (1994). Specifically, Idaho Code § 19-2523 requires the court to look at several factors:

(a) The extent to which the defendant is mentally ill;
(b) The degree of illness or defect and level of functional impairment;
(c) The prognosis for improvement or rehabilitation;
(d) The availability of treatment and level of care required;
(e) Any risk of danger which the defendant may create for the public, if at large, or the absence of such risk;
(f) The capacity of the defendant to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law at the time of the offense charged.

I.C. § 19-2523(1)(a)-(f). A defendant's mental health is only *one* of the factors that must be considered and weighed by the court at sentencing; the statute does not require that a defendant's mental condition be the controlling factor at sentencing, nor does it require the district court to specifically reference all of the factors. *Miller*, 151 Idaho at 836, 264 P.3d at 943; *State v. Strand*, 137 Idaho 457, 461, 50 P.3d 472, 476 (2002). However, the record must show the court adequately considered the substance of the factors when it imposed the sentence. *Miller*, 151 Idaho at 836, 264 P.3d at 943; *Strand*, 137 Idaho at 461, 50 P.3d at 476.

Ford argues the district court failed to specifically analyze Ford's mental health issues, contending "the district court simply did not discuss it in any sort of detail at all." The record reveals that the district court recognized Ford's mental health was a significant factor and ordered substance abuse and mental health evaluations prior to the disposition hearing. At the disposition hearing, the district court specifically noted Ford's mental health assessment and the recommendation contained in the assessment:

You're well aware, given the amount of treatment that you've been through, that an addiction is a serious thing. And the evaluation shows that you are an addict and still have a need for treatment . . . .

3

> Your problem is coupled or enhanced by mental health issues, which again are addressed in the mental health assessment, and they recommend outpatient treatment.

It is clear from the record that the district court did review and consider Ford's mental health. However, the court felt Ford's failure to control his addiction was an overriding factor and chose to impose Ford's underlying sentence:

> Unfortunately, we've given you every opportunity to change your behavior and to address the addiction. We've given you the tools needed through the Wood Project, through probation, and through the retained jurisdiction program.
> And based on all of the facts and circumstances, this Court feels there's no other alternative other than to revoke probation and impose the original sentence. So that will be the judgment of the Court.

Based on the record, we cannot say the district court failed to adequately consider the factors of Ford's mental health. *See Miller*, 151 Idaho at 837, 264 P.3d at 944 (determining the district court "squarely" addressed the elements of section 19-2523 by explicitly referencing the psychological evaluation at sentencing); *Strand*, 137 Idaho at 461, 50 P.3d at 476 (determining the requirements of section 19-2523 had been met where the district court continued the sentencing in order to obtain a psychological examination of the defendant and reviewed the report prior to sentencing). "Rejection of mental illness as a significant factor does not indicate that mental health was not considered." *Miller*, 151 Idaho at 837, 264 P.3d at 944.

Here, the district court considered the mitigating factors, including Ford's mental health issues, substance abuse, desire for treatment, and remorse. The court also considered the nature of the crime, Ford's criminal history, Ford's past attempts at rehabilitation, and the objectives of sentencing--particularly, protection of society, deterrence, rehabilitation, and punishment. Ultimately, the court determined imposition of the original sentence without modification was in the best interests of Ford and the public. Ford has failed to show that the district court abused its sentencing discretion in sentencing him.

**B.     Idaho Criminal Rule 35 Motion**

Ford contends the district court also erred by denying his Rule 35 motion without a hearing. Ford's Rule 35 motion, filed after revocation of his probation, is his second Rule 35 motion for a reduction of his sentence. Rule 35 provides that "no defendant may file more than one motion seeking a reduction of sentence under this Rule." *See also State v. Hurst*, 151 Idaho

430, 439, 258 P.3d 950, 959 (Ct. App. 2011); *State v. Bottens,* 137 Idaho 730, 732-33, 52 P.3d 875, 877-78 (Ct. App. 2002); *State v. Heyrend*, 129 Idaho 568, 572, 929 P.2d 744, 748 (Ct. App. 1996).  The prohibition of successive motions under Rule 35 is a jurisdictional limit, meaning a trial court does not have jurisdiction to hear a successive Rule 35 motion.  *Bottens*, 137 Idaho at 733, 52 P.3d at 878.  Because Ford's Rule 35 motion is an impermissible successive motion, the district court properly denied it.

**C.     Conclusion**

The district court did not abuse its discretion in revoking Ford's probation and executing the underlying sentence.  Ford's Rule 35 motion is an impermissible successive motion and was properly denied by the district court.  Accordingly, the order revoking probation and executing Ford's underlying sentence, and the order denying Ford's Rule 35 motion are affirmed.