24 P.3d 44

STATE of Idaho, Plaintiff–Respondent,

v.

Edward Theodore HOWARD,
Defendant–Appellant.

No. 25383.

Supreme Court of Idaho,
Coeur d'Alene, April 2001 Term.

May 7, 2001.

728

Ronaldo A. Coulter, State Appellate Public Defender, Boise, for appellant. Sara B. Thomas argued.

Alan G. Lance, Attorney General, Boise, for respondent. Karen A. Hudelson argued.

SCHROEDER, Justice.

Edward Theodore Howard (Howard) appeals the district court's denial of his motion to suppress evidence seized pursuant to a search warrant and the district court's admission of evidence at trial. He also appeals the sentence imposed by the district court.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

On April 26, 1998, Deputy Mark Strangio (Strangio) of the Boundary County Sheriff's Office applied for a search warrant for a 1978 Dodge pick-up. Strangio submitted an affidavit to support the application, and the magistrate issued a warrant to search the pick-up. The search revealed 42.6 grams of methamphetamine, 2.6 grams of heroine, and 2.6 grams of marijuana, and miscellaneous

drug paraphernalia. Howard was charged with trafficking in methamphetamine, possession of heroin, possession of marijuana, and possession of paraphernalia.

The events leading to the search and arrest began when Strangio received an anonymous tip that Robin Eby was at the Kootenai River Inn with a woman named Jackie and an older man. The tip indicated that Eby was in a room at the Inn in possession of a "large quantity of crank" and was attempting to sell the drugs to another person.

Strangio discovered that two other officers had seen Howard in the truck and that Jackie had an outstanding arrest warrant for possession of methamphetamine. Strangio viewed the surveillance film at the Inn showing two women and a man. Strangio identified Eby in the tape from a description. Strangio also identified Jackie from a facsimile of her booking photo and observed Howard on the Inn's video surveillance camera. Subsequently, Officer Navarro of the Bonners Ferry Police Department met Strangio at the Inn. Strangio and Navarro saw Jackie with another woman in the lobby of the Inn. Strangio arrested Jackie on the outstanding warrant and questioned her about how she had arrived at the Inn. She responded that she had been "dropped off." Strangio connected Jackie to the truck from a report of the Inn's surveillance officer who witnessed Howard, Eby, and Jackie carrying backpacks to the truck which they placed in the truck's inside compartment and rear bed.

Jackie told the officers that she had some pot in her backpack. Strangio requested a "drug canine" and the dog's trainer to come to the Inn. The dog "alerted" to Jackie's purse and Jackie gave written consent for the officers to search her backpack that was in the bed of the pick-up. The search revealed a pen containing a white powder-like substance that the officers believed to be a controlled substance, a razor blade, and a small white colored rock that the officers also believed was a controlled substance. Both substances field-tested negative for methamphetamine. However, Strangio still believed the substances to be controlled substances based on his experience and training.

The dog sniffed the exterior of the pickup and alerted to the driver's side door and the front of the truck bed. Strangio asked Howard to consent to a search of the truck. Howard claimed the truck was not his and refused to consent to a search. Strangio determined the truck was registered to a another person. Strangio contacted the registered owner who stated that he had sold the truck to Howard.

The truck was then towed to Riverside Auto and Howard was detained pending further investigation. Strangio submitted an application for a search warrant, which was granted. Deputies Strangio and Alonzo conducted the physical search of the pick-up. Deputy Ekstrom filled out the warrant return receipt based on what was relayed to her by Strangio and Alonzo.

Howard moved to suppress the evidence seized in the search of the pickup on the basis that the search and arrest violated the United States Constitution, the Idaho Constitution, the Idaho Criminal Rules, and Idaho Code §§ 19–602 and 19–603. Howard alleged that the affidavit filed with the application for the search warrant was insufficient to allow the magistrate to make an independent determination that there was a fair probability that the truck contained contraband. The district court denied the motion to suppress.

A jury found Howard guilty of trafficking in methamphetamine; possession of heroin; and possession of marijuana. The district court sentenced Howard to concurrent unified sentences of fifteen years with five years fixed for trafficking in methamphetamine, five years fixed for possessing heroin, and three months fixed for possessing marijuana.

Howard requests this Court to (1) reverse the district court's order denying his motion to suppress and remand the case for further proceedings; (2) reverse the district court's judgments of conviction and remand the case for a new trial in light of the district court's erroneous admission of the receipt and inventory of the search; and (3) reduce his sentences in light of his potential for rehabilitation.

## II.

## THERE WAS PROBABLE CAUSE FOR ISSUANCE OF THE SEARCH WARRANT

### A. Standard Of Review

■ When a magistrate issues a search warrant which is later questioned on appeal, this Court's function is to ensure that the magistrate had a substantial basis for concluding that probable cause existed for the issuance of the warrant. Great deference is to be paid to the magistrate's decision. *See State v. Josephson,* 123 Idaho 790, 852 P.2d 1387 (1993) (citing *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *State v. Johnson,* 110 Idaho 516, 716 P.2d 1288 (1986); *State v. Lang,* 105 Idaho 683, 672 P.2d 561 (1983)). A magistrate's evaluation of probable cause is determined from the facts set forth in the affidavit or any recorded testimony given in support of the search warrant. *State v. Oropeza,* 97 Idaho 387, 545 P.2d 475 (1976). This Court's review of the magistrate's decision is based only on those facts properly before the magistrate at the time of the decision to issue the warrant. *See Aguilar v. State of Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *see also State v. Johnson supra* and *State v. Lang supra.*

■ When determining whether to issue a search warrant the magistrate is to "make a practical, common sense decision whether, given all the circumstances set forth in the affidavit ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." *State v. Cheatham,* 134 Idaho 565, 572, 6 P.3d 815, 822 (2000) (citing *Gates,* 462 U.S. at 239, 103 S.Ct. at 2332, 76 L.Ed.2d at 548–49); *see also Lang,* 105 Idaho at 684, 672 P.2d at 562. The magistrate must have a substantial basis for concluding probable cause existed. *See Gates,* 462 U.S. at 239, 103 S.Ct. at 2332, 76 L.Ed.2d at 548–49; *Lang,* 105 Idaho at 684, 672 P.2d at 562.

■ When a search warrant is issued based on statements made by an anonymous caller, the Court's analysis proceeds under the "totality of circumstances" test an-nounced in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and followed by this Court in *State v. Lang,* 105 Idaho 683, 672 P.2d 561 (1983). *See Josephson,* 123 Idaho at 792, 852 P.2d at 1389. Under the "totality of circumstances" test, the inquiry of both the magistrate and this Court is whether "given all the circumstances set forth in the affidavit ... including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is ... a fair probability that contraband or evidence of a crime will be found in a particular place." *Lang,* 105 Idaho at 684, 672 P.2d at 562 (citing *Gates,* 462 U.S. at 238, 103 S.Ct. at 2332, 76 L.Ed.2d at 548).

### B. There Was Probable Cause For Issuance Of The Search Warrant.

■ The question in this case is whether Strangio's affidavit was sufficient to allow the magistrate to make a determination that probable cause existed that contraband would be found in the truck. The affidavit provided the following information regarding the anonymous tip:

[A] woman named Robin Eby was at the Kootenai River Inn in Boundary County, Idaho, with a woman named Jackie and an older man .... The anonymous caller stated that Robin Eby was in a room at the Kootenai River Inn in possession of a "large quantity of crank ...." The person said Robin Eby was attempting to contact a Dick Solt and attempt to sell him the narcotics.

The information from the tip alone is insufficient to establish a fair probability that drugs would be found in the truck. The tip fails to establish the informant's veracity or basis of knowledge. Thus, the affidavit is not self-verifying but may be considered if corroborated by the officer.

After receiving the tip, Strangio contacted Deputy Ekstrom, who informed Strangio that two other officers had seen Howard while on patrol and described the truck. Ekstrom also informed Strangio that the "female named 'Jackie'" was possibly Jackie Grimm, a/k/a Starkey, and that she had an outstanding arrest warrant. Grimm's booking photo was facsimiled to Strangio who

used it to "positively identify Jackie Grimm as the person ... on surveillance cameras at the Kootenai River Inn." Strangio arrested Jackie and was able to link her to the truck with the Inn's surveillance video showing Howard, Eby, and Jackie each carrying bags to the truck. Strangio then requested a drug dog to do an exterior sniff of the car.

■ Howard contested the evidence produced by the dog search in the motion to suppress, arguing that the affidavit failed to provide any information regarding the dog's training and reliability. The Ninth Circuit has held that "a canine sniff alone can supply the probable cause necessary for issuing a search warrant if the application for the warrant establishes the dog's reliability." *United States v. Lingenfelter*, 997 F.2d 632, 639 (9th Cir.1993) (citing *United States v. Spetz*, 721 F.2d 1457, 1464 (9th Cir.1983)). In this case the affidavit does not establish the dog's reliability in the manner contemplated in *Lingenfelter*, and the dog's reaction does not provide probable cause by itself.

This Court has addressed dog searches in a different context. In *State v. Streeper*, 113 Idaho 662, 667, 747 P.2d 71, 76 (1987), the Court determined that testimony by the dog's handler regarding what the dog's search revealed is admissible at trial only where the proper foundation is offered. *Id.* The affidavit in this case does not establish a sufficient foundation for introduction of the dog's reaction at trial, but that does not preclude some consideration of the information by the magistrate in issuing a search warrant. *See, however, State v. Braendle*, 134 Idaho 173, 175, 997 P.2d 634, 636 (Ct. App.2000).

The affidavit in this case does not establish facts to assure the reliability of the dog in sniffing for controlled substances. Consequently, the conclusive weight that could have been allowed upon a proper foundation cannot be attached to the information obtained from observing the dog's reaction. However, it is clear that the dog was with a trainer and considered by the police as capable of reacting to the presence of drugs. This is evidenced by the fact that the dog reacted to the presence of a marijuana pipe in Jackie's purse and reacted to her back-

pack which contained a substance Strangio believed to be drugs. These facts give credence to its ability to detect drugs. While the foundation concerning the dog's training is lacking, there are sufficient facts in the affidavit to allow consideration of the reaction of the dog as a factor in the totality of circumstances in determining probable cause.

There was other evidence supporting the magistrate's finding of probable cause. Strangio identified Eby, Jackie, and Howard, consistent with the tip that the three would be at the Inn. Strangio also discovered that Eby was riding in the truck, thereby linking the truck to the tip. Jackie's arrest warrant provided evidence that a person convicted of possessing the same kind of drug that the informant had said would be sold at the Inn was riding in the truck. Further evidence that drugs might be found in the truck was Jackie's statement that she had "pot" in her backpack which was located in the back of the truck. The search of the backpack revealed a white powdery substance that Strangio field-tested only for methamphetamines. The test was negative, but based on his experience, Strangio still believed the substance to be a controlled substance.

While there is no single piece of information set forth in the affidavit that is conclusive, considering the totality of the circumstances the affidavit contained sufficient information to establish the probable cause necessary for issuance of the search warrant.

### III.

### THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN THE ADMISSION OF EVIDENCE.

#### A. Standard Of Review

■ The general rule in Idaho is that the trial court has sole discretion in deciding whether to admit or exclude evidence. *See State v. Thompson*, 132 Idaho 628, 634, 977 P.2d 890, 896 (1999). This discretion, however, is not unlimited. The trial court must exercise reason in making its decision. *Id.* Appellate courts review trial court decisions admitting or excluding evidence under the

abuse of discretion standard. *Id.; see also Empire Lumber Co. v. Thermal–Dynamic Towers Inc.*, 132 Idaho 295, 971 P.2d 1119 (1999); and *Mac Tools, Inc. v. Griffin*, 126 Idaho 193, 199, 879 P.2d 1126, 1132 (1994). The trial court's broad discretion in the admission of evidence at trial will be reversed only when there has been a clear abuse of that discretion. *See Mac Tools, Inc.*, 126 Idaho at 199, 879 P.2d at 1132; *see also Baker v. Shavers, Inc.*, 117 Idaho 696, 698, 791 P.2d 1275, 1277 (1990).

### B. The District Court Did Not Abuse Its Discretion By Admitting The Evidence.

■■■ On cross-examination defense counsel attacked Strangio's testimony regarding where a bankbook was found during the search. Defense counsel pointed out that although Strangio testified that the bankbook was found in the garbage bag with the drugs, Strangio had failed to indicate this earlier in either his police report or his testimony at the preliminary hearing. The state attempted to rehabilitate Strangio's testimony by admitting the warrant return receipt which indicated that the bankbook was found in the garbage bag. Howard objected on hearsay grounds. The district court initially sustained the objection and excluded the receipt, determining it was hearsay of the officer who had filled out the receipt, Deputy Ekstrom. After calling other witnesses, the state called Ekstrom to testify and again attempted to admit the receipt. The district court then admitted the receipt over Howard's objection.

The district court concluded that the evidence was admissible as a prior consistent statement of Strangio which was being used to rehabilitate his testimony and, therefore, not hearsay pursuant to I.R.E. 801(d)(1)(B).

Idaho Rule of Evidence 801(d)(1)(B) states the following:

(d) Statements which are not hearsay. A statement is not hearsay if—

(1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is ... (B) consistent with declarant's testimony and is offered to rebut an express or implied charge against declarant of recent fabrication or improper influence or motive ....

I.R.E. 801(d)(1)(B). Prior consistent statements may be offered to show that the witness did not recently fabricate testimony. *Id.* Such statements are not hearsay, because the statement is not being offered to prove the truth of the matter asserted in the declaration but to show the credibility of the witness.

At trial Howard implied that Strangio's testimony was a recent fabrication. However, testimony at trial established that Ekstrom wrote down what Strangio told her at the time of the search. The receipt recorded a consistent statement of Strangio offered to rebut an express charge of recent fabrication against him. The receipt was not hearsay and was admissible pursuant to I.R.E. 801(d)(1)(B).

### IV.

### THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN SENTENCING

#### A. Standard Of Review

■■■ In reviewing whether the district court abused its discretion in sentencing, this Court "conducts an independent review of the record, focusing on the nature of the offense, the character of the offender, and the protection of the public interest." *State v. Wright*, 134 Idaho 73, 996 P.2d 292 (2000) (citing *State v. McAway*, 127 Idaho 54, 61, 896 P.2d 962, 969 (1995)). The Court must consider: (1) the protection of society; (2) deterrence of the defendant and others; (3) the possibility of the defendant's rehabilitation; and (4) punishment or retribution for the defendant in determining whether the sentence is excessive under any reasonable view of the facts. *Id.* However, the Court will not substitute its view for that of the sentencing judge if the situation is such that reasonable minds might differ. *See State v. Newman*, 124 Idaho 415, 418, 860 P.2d 618, 621 (1993).

The Court also considers the fixed portion of a sentence imposed to be the term of confinement for the purpose of appellate review. *Id.* (citing *State v. Broadhead,* 120 Idaho 141, 143, 814 P.2d 401, 403 (1991)). A clear abuse of discretion is shown only if the defendant establishes that, considering the sentencing objectives, the sentence is excessive under any reasonable view of the facts. *See State v. Broadhead,* 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), overruled on other grounds, *State v. Brown,* 121 Idaho 385, 825 P.2d 482 (1992).

### B. The Sentence

At the sentencing hearing the district court stated:

> The sentence imposed here today is the result of the numerous arrests that the defendant has experienced in the period surrounding the conduct of approximately the last 18 months. And the other reason is that it's the Court's point of view that from the reading of this document that the defendant is in serious denial and that's why I have exceeded the three-year minimum .... The reason for this sentence is basically the defendant's denial. And because of the amount of drugs that were involved in this possession and because of the number of arrests and because of the association with known drug offenders and the high likelihood that he was not just possessing 28 grams or more but that he was, in fact, trafficking.

The district court considered factors relevant to the sentence and set forth the reasons of the sentence. The sentence was not an abuse of discretion.

### V.

### CONCLUSION

The judgment of the district court is affirmed.

Chief Justice TROUT, Justices WALTERS, KIDWELL, and EISMANN concur.