IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39000

| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 341 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 23, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOHN ALAN SCHULZ, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Fred M. Gibler, District Judge.

Judgment of conviction for felony injury to a child, affirmed.

Sara B. Thomas, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.
_____

MELANSON, Judge

John Alan Schulz appeals from his judgment of conviction for felony injury to a child. For the reasons set forth below, we affirm.

In 2010, Schulz was charged with felony injury to a child. I.C. § 18-501(1). Testimony presented at trial indicated that, on June 29, 2009, Schulz and his daughter moved some of his personal items from one home to another. Schulz drove his truck and his daughter rode in the back, attempting, unsuccessfully, to stabilize the items. When the two lifted the items out of the truck, they experienced difficulty doing so. On June 30, a pediatrician examined the daughter and observed that she had bruising on her neck consistent with strangulation. On July 2, the daughter informed an officer that, when she helped Schulz move his personal items on June 29, he became angry and put his right hand around her throat and began to choke her. The daughter

testified similarly at the preliminary hearings.[1]  However, during trial, she testified that the bruising on her neck was caused by receiving hickeys, not by Schulz choking her.  A jury found Schulz guilty of felony injury to a child.  Schulz was sentenced to a unified term of five years, with a minimum period of confinement of two years, but his sentence was suspended and he was placed on probation for three years.  Schulz appeals.

Schulz argues that the district court erred by allowing the expert testimony of a physician at trial.  The physician, who had experience treating strangulation victims in the emergency room, testified as an expert for the state that, based on his review of photographs of the daughter's neck and another physician's report, the bruising was consistent with the kind of bruising indicative of strangulation and not consistent with hickeys.  He also opined that the bruising was consistent with strangulation that could cause great bodily harm or death.   While Schulz concedes that the physician was an expert in the medical field and generally qualified to testify about the bruising process, effects of strangulation and general appearance of a potential strangulation, he contends the state failed to establish a foundation that the physician was qualified as an expert in diagnosing strangulation injury from photographs as opposed to actual examination.  Therefore, Schulz concludes that the district court abused its discretion when it allowed the physician to testify about the injuries on the daughter's neck and the cause of those injuries.

On the morning of trial, the district court heard argument on Schulz's motion to exclude the testimony of the physician.  Schulz argued that the doctor had never examined the daughter and that his testimony was going to be based solely on photographs and reviewing another doctor's report.  It was argued that the witness was not qualified and did not have a factual or "hands-on" basis for his testimony.  Ultimately, the district court ruled as follows:

> Okay. Well, with respect to the Daubert type of objection as to whether he has sufficient knowledge, skill, experience and training to offer an opinion, the foundation for that, I'm going to have to wait and see what foundation is established to see if he does have that level of expertise.
> As to whether what he intends to say, with respect to this specific case, I'm just going to have to wait and see what the question is and see what his qualifications are, see what all he's reviewed to see if--see if he's done this same thing in other cases, for example, see what kind of foundation is laid before I can make a decision on that.

---

[1]     The record does not disclose why there were two preliminary hearings.

2

At trial, the witness testified regarding his education and that he had been an emergency room physician since 1984. He testified that, as an emergency room physician, he saw approximately two strangulation cases per year on average. Defense counsel then interposed an objection to the doctor's testimony based on relevance. Without hearing argument, the district court ruled: "This is the motion we discussed earlier. I understand the basis for it, and I've thought about it. I've listened to the qualifications of [the witness]. So the objection is overruled." The witness then testified at some length regarding the structure of the neck in general and, specifically, the bruises on the daughter's neck depicted in the photographs. None of the testimony addressed training or expertise in assessing injuries based on photographs. The prosecutor then asked: "Doctor, in your opinion, what is the mechanism that caused those bruises?" Schulz objected based upon foundation. This objection was overruled without argument from either counsel and without explanation by the district court.

We first note that Schulz has not asserted the photographs, which were admitted into evidence without objection, did not accurately depict the bruises on his daughter's neck. Further, he has not cited any authority to support his specific argument that, while the physician was an expert in the medical field and generally qualified to testify about the bruising process, effects of strangulation and general appearance of a potential strangulation, the state needed to establish additional foundation that the physician also qualified as an expert in diagnosing strangulation injuries from photographs. Instead, Schulz relies on an argument that the proponent of expert testimony must lay foundational evidence showing that the individual is qualified as an expert on the topic of his or her testimony and that the state had provided "no foundation that the physician had experience or ability in identifying types of injuries from looking at a picture." Shulz further argues that there was no scientific basis for the opinions expressed by the witness.

If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise. I.R.E. 702. Expert opinion which is speculative, conclusory, or unsubstantiated by facts in the record is of no assistance to the trier of fact and is, therefore, inadmissible. *Coombs v. Curnow*, 148 Idaho 129, 140, 219 P.3d 453, 464 (2009).

A district court has broad discretion in determining whether a witness is qualified as an expert. *State v. Howard*, 135 Idaho 727, 731, 24 P.3d 44, 48 (2001). The admissibility of expert opinion testimony is discretionary and will not be disturbed on appeal absent a showing of an abuse of discretion. *State v. Parkinson*, 128 Idaho 29, 34, 909 P.2d 647, 651 (Ct. App. 1996). Additionally, a trial court's determination that evidence is supported by a proper foundation is reviewed for an abuse of discretion. *State v. Gilpin*, 132 Idaho 643, 646, 977 P.2d 905, 908 (Ct. App. 1999). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Schulz relies upon *Weeks v. E. Idaho Health Servs.*, 143 Idaho 834, 153 P.3d 1180 (2007) and cases cited therein for the proposition that the proponent of expert testimony must lay foundational evidence showing that the individual is qualified on the topic of his or her testimony. Indeed, the cases so hold, but this argument does not avail Shulz as the topic of the doctor's testimony was not the interpretation of photographs but whether the bruises depicted in the photographs were consistent with strangulation and whether such strangulation could have caused great bodily harm and death.

In *State v. Trevino*, 132 Idaho 888, 895, 980 P.2d 552, 559 (1999), Trevino raised a claim of error regarding the testimony of an expert witness that matched injuries to Trevino's hands to the physical characteristics of the murder weapon. Trevino's injuries--tearing lacerations and abrasions--appeared in photographs taken of his hands when he went to the police station. Trevino argued that, without firing or otherwise testing the gun, the doctor should not have been allowed to render an opinion. The Idaho Supreme Court first determined that, based on his experience with guns and extensive forensic pathology training, which included learning the types of injuries caused by weapons and courses to understand ballistics and modifications to guns, the doctor was adequately qualified as an expert. The Court then explained that the record showed the doctor examined photographs of Trevino's hands and the sawed-off shotgun. The record also showed that the doctor described the modifications that had been made to the gun and then explained how Trevino's wounds to his hands were consistent with those modifications.

4

The doctor related in detail how Trevino's injuries could have been received from firing the gun with the described modifications. The Court concluded there was sufficient evidence to create the foundation necessary to allow the doctor to render his opinion testimony linking the gun modifications to the injuries on Trevino's hands despite the fact that the doctor had not fired the murder weapon. *Id.* at 896, 980 P.2d at 560.

*Trevino* is instructive in this case because it illustrates the kind of evidence upon which a trial court may rely in determining whether there is sufficient foundation for expert testimony. Here, the witness testified that he had been an emergency room physician for more than twenty years and that during that time he saw two strangulation cases per year on average. He referred to anatomical drawings and explained the physical results of strangulation including bruising. He then referred to the photographs of the daughter's neck and explained in some detail the basis for his opinion that her bruises were consistent with strangulation and not consistent with other injuries. Although he relied on photographs of the daughter's bruised neck in formulating his opinion, we conclude that there was sufficient evidence to create the foundation necessary to allow the physician to render his opinion testimony linking the bruising on the daughter's neck to a strangulation event. The weight to be afforded the testimony, contrasted with alternative explanations for the bruising, was a decision for the jury. Schulz has not shown that the district court abused its discretion by allowing the testimony of the physician at trial.

Schulz also argues that the district court erred by allowing the Department of Health and Welfare employee to testify at trial. Specifically, the district court allowed the employee to testify that the daughter told the employee that Schulz promised to pay for the daughter's college education. The district court determined that this testimony was admissible as a prior inconsistent statement to impeach the daughter's credibility because the daughter had previously testified that her college education would be free due to benefits she qualified for since she was a foster youth and Schulz was a Coast Guard veteran. Schulz argues that the employee's statement was consistent with the daughter's statement and, therefore, the district court erred by allowing the impeachment testimony.

Idaho Rule of Evidence 613 governs the admissibility of extrinsic evidence of a prior inconsistent statement and allows the use of prior inconsistent statements to impeach a witness. The trial court has broad discretion in the admission of evidence at trial, and its judgment will be

reversed only when there has been an abuse of that discretion. *State v. Zimmerman*, 121 Idaho 971, 973-74, 829 P.2d 861, 863-64 (1992).

We conclude that the daughter's statement made during her trial testimony (that her college education would be free due to benefits she qualified for) and her statement made to the employee (that Schulz promised to pay for her college education) were inconsistent. Therefore, Schulz has not shown that the district court abused its discretion by determining that the employee's testimony was admissible as a prior inconsistent statement to impeach the daughter's credibility pursuant to I.R.E. 613.

Schulz finally argues that the prosecutor committed misconduct by improperly eliciting the impeachment testimony of the employee and referring to such testimony during closing argument. Schulz cites no authority for the proposition that, once a prosecutor receives a ruling from the district court permitting him or her to elicit the challenged testimony from a witness, a prosecutor commits misconduct by proceeding to elicit such testimony. Schulz has waived the issue on appeal. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Additionally, Schulz did not object to the prosecutor's comments during closing argument at trial. Therefore, we will not consider this issue for the first time on appeal. *See State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992).

Schulz has not shown that the district court abused its discretion by allowing the testimony of the physician at trial or by determining that the employee's testimony was admissible as a prior inconsistent statement. Therefore, Schulz's judgment of conviction for felony injury to a child is affirmed.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**