**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47129**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 17, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CASSIDY H. STONE, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Judgment of conviction for battery on a healthcare worker, affirmed

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Cassidy H. Stone appeals from her judgment of conviction for battery on a healthcare worker. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Stone was taken to the emergency room after consuming sleeping pills, drinking alcohol, and cutting her wrists in an apparent suicide attempt. Witnesses later testified that, after arriving at the hospital, Stone appeared to be intoxicated and became combative with hospital staff as they attempted to explain that she had been placed under a police hold. Stone insisted on leaving the hospital--uttering threats and obscenities toward hospital staff who restrained her. Stone became particularly aggressive toward one nurse, kicking her twice in the face when she and

1

other hospital staff forcibly returned Stone to her hospital bed. Eventually, hospital staff placed Stone in restraints and sedated her.

Stone was charged with battery on a healthcare worker. I.C. § 18-915C. During trial, the State moved to exclude reputation and opinion evidence of Stone's peaceful character. The district court granted the State's motion, concluding that such evidence regarding Stone's character was not a trait pertinent to the charge against her. Stone raised the issue again the following day, and the district court reaffirmed its previous decision excluding the proposed character evidence--concluding that, under the facts of the case, evidence of Stone's peaceful character was irrelevant to the general intent crime of battery on a healthcare worker. The jury found Stone guilty. Stone appeals.

## II.

## STANDARD OF REVIEW

The trial court's decision admitting or excluding evidence will be reversed only when there has been a clear abuse of discretion. *State v. Howard*, 135 Idaho 727, 731, 24 P.3d 44, 48 (2001). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

We review questions of relevance de novo. *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993); *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012).

## III.

## ANALYSIS

Stone argues that the district court erred in excluding evidence of her peaceable character. Stone contends such evidence was admissible under I.R.E. 404(a)(2) because it was "relevant to whether [she] had the requisite culpable state of mind to commit a battery." The State responds that the district court correctly concluded that evidence of Stone's character was irrelevant and that, even if the district court erred, the error was harmless. We hold that Stone has failed to

2

show the district court erred in denying her request to present evidence of her peaceful character because the evidence was irrelevant.

## A.    I.R.E. 404(a) Character Evidence

Generally, evidence of a person's character or trait of character is not admissible to prove that the person acted in accordance with the character or trait on a particular occasion. I.R.E. 404(a)(1). There are, however, exceptions to this rule. One such exception allows a defendant in a criminal case to offer evidence of a pertinent trait of character to show the defendant's actions were in accordance with that trait or character at the time of the charged offense. *See* I.R.E. 404(a)(2); *State v. Rothwell*, 154 Idaho 125, 130, 294 P.3d 1137, 1142 (Ct. App. 2013).

At trial, Stone's theory of the case was that, despite admittedly kicking the healthcare worker, Stone had not committed a battery because her kicks were the result of her attempts to get out of the hospital bed while being restrained and were not intended to make contact with the healthcare worker. Stone sought to support this defense with character evidence under I.R.E. 404(a), arguing that her character for peacefulness was relevant to her intent, or lack thereof, in kicking the healthcare worker. Stone represented that the proposed evidence would be "quite brief . . . probably just five minutes per witness" and would reflect that she has a "character for peacefulness, nonviolence."

The district court rejected Stone's argument, concluding that evidence of her peaceful character was irrelevant to the elements of battery on a healthcare worker under the facts of the case and because battery is a general intent crime. On appeal, Stone argues that the district court erred in excluding the evidence because her "character trait of peacefulness" was relevant to her intent because it made it "less likely that she intended to touch or strike" the healthcare worker. Stone further argues that the evidence is relevant regardless of whether battery is a general intent crime because "Rule 404(a) does not differentiate between specific and general intent offenses."[1]

---

[1] Stone also contends that the district court erroneously relied on *State v. Bailey*, 117 Idaho 941, 792 P.2d 966 (Ct. App. 1990), because, she argues, "*Bailey* is distinguishable." Any distinctions between this case and *Bailey*, which involved the relevance of the defendant's character for moderate drinking in relation to the charge of driving under the influence, does not, however, control our decision regarding relevance in this case.

Stone's proffered evidence of peaceful character was irrelevant under I.R.E. 404(a) to show that she *acted* in conformance with a peaceful character at the time of the battery because nothing about Stone's behavior during the incident was peaceful. Stone was belligerent and combative for the majority of her interaction with hospital staff, including when she admittedly kicked one of the healthcare workers. To that end, the excluded testimony did not fall within the purview of I.R.E. 404(a)(1)-(2). *See State v. Hernandez*, 133 Idaho 576, 585, 990 P.2d 742, 751 (Ct. App. 1999) (noting I.R.E. 404(a) is inapplicable to evidence of a victim's reputation for violence when offered to show the defendant's state of mind because the evidence is not being offered to show the victim's action in conformity therewith on a particular occasion). Thus, the district court did not err in precluding Stone from offering opinion evidence regarding her peaceful character.

## B.      Harmless Error

Error is not reversible unless it is prejudicial. *State v. Stell*, 162 Idaho 827, 830, 405 P.3d 612, 615 (Ct. App. 2017). Harmless error is error unimportant in relation to everything else the jury considered on the issue in question as revealed in the record. *Yates v. Evatt*, 500 U.S. 391, 403 (1991). The Idaho Supreme Court clarified the harmless error standard for an objected-to, nonconstitutionally-based error in *State v. Garcia*, 166 Idaho 661, 462 P.3d 1125 (2020). This standard requires weighing the probative force of the record as a whole while excluding the erroneous evidence and at the same time comparing it against the probative force of the error. *Id.* at 674, 462 P.3d at 1138. The reviewing court must take into account what effect the error had or reasonably may have had on the jury (in the context of the total setting) and in relation to all else that happened, which necessarily includes the evidence presented. *Kotteakos v. United States*, 328 U.S. 750, 764 (1946).

The State argues that excluding evidence of Stone's peaceful character was harmless because the probative value of such evidence, if any, is slight compared to the evidence of her guilt. Stone responds that the error was not harmless because evidence of her peaceful character supported her argument on the only disputed element of the crime charged--whether she intentionally kicked the healthcare worker. We hold that, even if the district court erred in excluding Stone's proffered character evidence, the error was harmless.

4

Considering the entirety of the record, we are satisfied, beyond a reasonable doubt, that excluding evidence of Stone's peaceful character was harmless. During Stone's trial, the State presented testimony from the victim, a police officer, and a hospital security officer regarding Stone's conduct in the emergency room. The victim testified that, when she first met Stone in the emergency room, Stone was unsteady, irrational, and noncompliant. The victim related how attempts to reason with Stone and explain that she was under a police hold and needed to return to her hospital bed for her own safety were met with obscenities and threats. The victim further testified that, as hospital staff attempted to place Stone back onto a hospital bed, she rolled onto her back, pulled her knees to her chest, and kicked upward--hitting one healthcare worker in the face twice. The police officer's testimony corroborated the healthcare worker's version of events. The officer testified that the trajectory of Stone's legs indicated that she was not attempting to get out of the bed while struggling against hospital staff. Rather, the kicks appeared to be "directed" toward the healthcare worker who was assisting in restraining Stone. The security officer testified that Stone attempted to kick the healthcare worker three times--striking her twice. Video footage from the police officer's body camera and the hospital's surveillance system that was displayed to the jury further corroborates this testimony. Stone can be seen and heard on the body camera footage arguing with the healthcare worker Stone later kicked, uttering obscenities and threats, straining against hospital staff while trying to reach the healthcare worker, and being warned not to kick hospital staff less than a minute before kicking the healthcare worker. The surveillance video shows Stone roll onto her back, pull her legs to her chest, twist her body toward the healthcare worker, and kick repeatedly as hospital staff attempted to place Stone back in a hospital bed. After kicking the healthcare worker, Stone can be seen struggling against hospital staff until being strapped to the bed and sedated.

Stone presented little evidence to counter the State's case. Stone testified that she "blacked out" on the night of the offense after consuming prescription sleeping pills and wine in her home. Despite claiming no memory of being taken to the hospital or what she did there, Stone asserted that she must have been anxious and fearful because she believed strangers were in her home. Despite conceding that she kicked the healthcare worker, Stone maintained that the contact was accidental.

Stone's proposed character evidence, which her counsel described as "just general reputation" and "quite brief," would have added little to Stone's defense. Even if it held *some* probative value related to her intent, Stone's general reputation for peacefulness says little about whether she would intentionally kick a healthcare worker while intoxicated and struggling against restraint by unfamiliar people in an unfamiliar location. In sum, based upon the overall strength of the State's evidence, excluding evidence of Stone's peaceful character was harmless.

## IV.

## CONCLUSION

The district court did not err in excluding opinion evidence of Stone's peaceful character because the evidence was irrelevant. Even if the evidence should have been admitted, the error was harmless. Accordingly, Stone's judgment of conviction for battery on a healthcare worker is affirmed.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.